**IT IS SO ORDERED**
Judge James Ware

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHNNY GILBERT GOMEZ, | NO. C 01-20471 JW |
| Petitioner(s), | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| JAMES HAMLET, Warden, | |
| Respondent(s). | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 26, 2005, the Court denied the petition on the merits. On August 29, 2005, Petitioner filed a notice of appeal and a request for a certificate of appealability. The Court denies Petitioner's request for a certificate of appealability.

**DISCUSSION**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 892-93 (1983).  In <u>Barefoot</u>, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court <u>could</u> resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." <u>Barefoot</u>, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original).  Any doubts about whether the <u>Barefoot</u> standard has been met must be resolved in petitioner's favor. <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant habeas petition after careful consideration of the merits.  The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings.

In his request for a certificate of appealability, Petitioner contends that reasonable jurists could find violations of his constitutional rights based upon: (1) the failure to allow cross-examination of a confidential informant; (2) the admission at trial of a "confession" made by Petitioner without the presence of counsel; and (3) the failure of appellate counsel to challenge the trial court's use of his prior conviction for sentencing under the "Three Strikes" law.  Having conducted a second and independent review of Petitioner's arguments, the Court is firmly persuaded that the issues raised by Petitioner are not debatable among jurists of reason.  Therefore, the request for a certificate of appealability is DENIED.

The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals. Petitioner may then ask the Court of Appeals to issue the certificate. <u>See</u> Fed. R. App. P. 22(b).

Dated: April 18, 2006
P:\PRO-SE\SJ.Jw\HC.01\gomez20471coa.wpd

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Johnny G. Gomez
K-72622
San Quentin Prison
San Quentin, Ca 94974

Morris Beatus
California Attorney General Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: April 18 2006

Richard W. Wieking, Clerk

By: /s/JW Chambers
    **Melissa Peralta**
    **Courtroom Deputy**